IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUIS A. REED, #S01449,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SUSAN WALL,<br>DON WALL,<br>DORA MANN,<br>JUDY K. STEELE, and<br>RONALD SLEMER,<br><br>　　　　　　Defendants. | Case No. 19-cv-01190-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Louis Reed, an inmate of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that occurred during his sentencing hearing in Greenville, Illinois. He is seeking monetary damages.

The Complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**THE COMPLAINT**

Reed alleges that Susan and Don Wall wrote false statements in a letter to Judge Slemer. (Doc. 1, p. 5). The state's attorney, Dora Mann, placed the letter into Reed's file as a victim impact statement, knowing that Susan and Don Wall were not victims. Reed's public defender, Judy K. Steele, allowed Dora Mann to place the letter in Reed's file and did not make him aware of the letter until five minutes before the sentencing hearing. Judge Ronald Slemer allowed this letter to be read at the hearing, and as a result, Reed was sentenced to a harsher term of imprisonment of eighty-four months. Judge Slemer also allowed the Sorento Community Development Organization, of which Susan Wall and Don Wall are members, into the courtroom during the hearing. (*Id.*).

## DISCUSSION

Reed brings his claims against two private citizens, the state's attorney who prosecuted him, the state judge who presided over his sentencing, and his public defender who represented him at the sentencing hearing. None of these individuals, however, can be sued for damages pursuant to Section 1983.

Both the judge and the state's attorney are immune from damages. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges, being sued solely for judicial acts, are protected by absolute judicial immunity); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). *See also Imbler v. Pachtman,* 424 U.S. 409, 431 (1976) ("In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Further, the law is clear that a party may not sue his attorney for legal malpractice in a civil rights suit, and this principle holds true even if that attorney was court-appointed and employed by the state. *Swift v. Swift,* 556 F. App'x 509, 510 (7th Cir. 2014) ("public defenders acting as counsel do not act 'under color of state law' and cannot be sued under

§ 1983") (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). *See also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995).

Finally, Susan and Don Wall, as private citizens, are improper defendants. Reed has not indicated that Susan and Don Wall were acting under the color of law when they wrote their letter to the court. And, even if somehow Reed could demonstrate that Susan and Don Wall were acting under the color of law, Reed's claims that Susan and Don Wall defamed and slandered his character are not actionable under Section 1983. *See Batagiannis v. W. Lafayette Cmty. School Corp.*, 454 F.3d 742 (7th Cir. 2006) ("there is no constitutional right to be free of defamation").

For these reasons, the Complaint does not survive review under Section 1915A. Accordingly, this action is **DISMISSED** with prejudice. Reed is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

Reed may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Reed does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Reed may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** May 5, 2020

_Nancy J. Rosenstengel_

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**